NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO SEGURA RODRIGUEZ; et al., | No. 25-6526 |
| Petitioners, | Agency Nos. A097-364-453 A097-364-454 |
| v. | A097-364-455 A097-364-456 A097-364-457 |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Rigoberto Segura Rodriguez and his family, natives and citizens of Mexico,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. We have jurisdiction under

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying petitioners' third motion to reopen as untimely and number-barred, where it was filed over 16 years after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(A) (only one motion to reopen allowed), (c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and petitioners have not established that equitable tolling of the filing deadline is warranted, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (deadline may be equitably tolled when petitioner is prevented from filing because of deception, fraud, or error, and petitioner acts with due diligence in discovering such circumstances); *see also Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

In light of this disposition, we need not reach petitioners' remaining contentions regarding their claims of ineffective assistance of counsel. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Petitioners do not challenge the BIA's determinations as to sua sponte reopening, administrative closure, termination, or changed country conditions, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED.**